

08 CIV 4339

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------:
SECURITIES AND EXCHANGE COMMISSION  :
:
           Plaintiff,  :
: Civil Action No.
: COMPLAINT
      v.  :
:
QUOGUE CAPITAL LLC and  :
WAYNE P. ROTHBAUM,  :
:
           Defendants.  :
:
------------------------------------------------------------:

RECEIVED MAY 08 2008 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff Securities and Exchange Commission (the "Commission") alleges:

### SUMMARY

1. This case concerns multiple violations of Rule 105 of Regulation M [17 C.F.R. § 242.105] ("Rule 105") by Quogue Capital LLC ("Quogue") and its owner, Wayne P. Rothbaum ("Rothbaum") (collectively "Defendants"). Rule 105 prohibits covering a short sale with securities obtained in certain public offerings when the short sale occurs during a specific period (usually within five business days) before the pricing of the offering.

2. From February 2005 to November 2005, Quogue and Rothbaum violated Rule 105 in connection with four public offerings, by using shares purchased in those public offerings to cover short sales made during the five business days before the pricing of those offerings. Defendants' profits from this illegal trading totaled $792,902.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this action pursuant to Sections 21 and 27 of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78u and 78aa] (the "Exchange Act."). Venue is proper in this district under Exchange Act Section 27 [15 U.S.C. § 78aa], as both Quogue and Rothbaum are located in New York City.

## DEFENDANTS

4.   Defendant Quogue Capital LLC, a New York limited liability company with its principal place of business in New York City, is a private investment company owned and operated by Defendant Wayne P. Rothbaum.

5.   Defendant Wayne P. Rothbaum, age 40, is a resident of New York, New York. Rothbaum is the managing member and sole owner of Quogue. Rothbaum directed all the trading that is the subject of this complaint.

## OVERVIEW OF RULE 105

6.   At all relevant times, Rule 105 of Regulation M, "Short Selling in Connection With a Public Offering," provided, in pertinent part:

> "In connection with an offering of securities for cash pursuant to a registration statement . . . filed under the Securities Act [of 1933], it shall be unlawful for any person to cover a short sale with offered securities purchased from an underwriter or broker or dealer participating in the offering, if such short sale occurred during the shorter of:
>
>> (1) The period beginning five business days before the pricing of the offered securities and ending with such pricing; or
>>
>> (2) The period beginning with the initial filing of such registration statement . . . and ending with the pricing."

2

17 C.F.R. § 242.105. This five business day or shorter period is referred to herein as the "restricted period."

7. A short sale is "any sale of a security which the seller does not own or any sale which is consummated by the delivery of a security borrowed by, or for the account of, the seller." 17 C.F.R. § 242.200. The profit or loss on a short sale is determined by the price of the security purchased to cover the short sale, i.e., the price of the security purchased to repay to the lender the borrowed shares originally sold short. Accordingly, a short sale is profitable when the price of the security decreases after the short sale and is purchased by the seller for less than it was sold short.

## FACTS

8. From February 2005 to November 2005, in connection with short sales in advance of four public offerings of securities for cash pursuant to a registration statement filed under the Securities Act of 1933 (the "Securities Act"), Quogue covered short sales made during the restricted period with securities purchased from an underwriter or broker or dealer participating in public offerings made by Bioenvision, Inc. ("Bioenvision"), Geron Corporation ("Geron"), Cotherix, Inc. ("Cotherix") and Point Therapeutics, Inc. ("Point Therapeutics"). Profits from Defendants' violations of Rule 105 totaled $782,902.

9. Rothbaum made all of the investment decisions for Quogue and directed all of the trading at issue in this complaint. Profits from Defendants' violations of Rule 105 totaled $782,902.

10. After the close of the market on February 2, 2005, Bioenvision priced a follow-on offering of 7,500,000 shares of its common stock at $8.00 per share. The offering was

offered to the public through an underwriter on a firm commitment basis. Accordingly, the restricted period was January 27, 2005 through February 2, 2005.

11. At Rothbaum's direction, Quogue sold short a total of 89,269 Bioenvison shares on one day during the restricted period and then covered the restricted period short position using Bioenvision shares received in the follow-on offering. Quogue's profit on the restricted period short sales was $15,732.

12. After the close of the market on September 15, 2005, Geron priced a follow-on offering of 8,000,000 shares of its common stock at $9 per share. Geron offered the shares to the public through an underwriter on a firm commitment basis. Accordingly, the restricted period was September 9, 2005 through September 15, 2005.

13. At Rothbaum's direction, Quogue sold short a total of 519,661 Geron shares on three days during the restricted period and covered some of the restricted period short sales using Geron shares received in the follow-on offering. Quogue's profit on the restricted period short sales was $614,280.

14. After the close of the Market on October 6, 2005, Cotherix and certain selling shareholders priced a follow-on offering of 4,500,000 shares of its common stock at $13.00 per share. Cotherix offered the shares to the public through an underwriter on a firm commitment basis. Accordingly, the restricted period was September 30, 2005 through October 6, 2005.

15. At Rothbaum's direction, Quogue sold short a total of 92,300 Cotherix shares on two consecutive days during the restricted period and covered the restricted period short position using Cotherix shares received in the follow-on offering. Quogue's profit from the short sales during the restricted period was $70,107.

16. After the close of the market on November 21, 2005, Point Therapeutics priced a follow-on offering of 8,050,000 shares of its common stock at $3.00 per share. Point Therapeutics offered the shares to the public through an underwriter on a firm commitment basis. Accordingly, the restricted period was November 15, 2005 through November 21, 2005.

17. At Rothbaum's direction, Quogue sold short a total of 142,400 Point Therapeutics shares on five consecutive days during the restricted period and covered the restricted period short position using Point Therapeutics shares received in the follow-on offering. Quogue's profit on the restricted period short sales was $82,783.

18. As a result of the conduct described above, Quogue and Rothbaum committed violations of Rule 105 of Regulation M under the Exchange Act which makes it "unlawful for any person to cover a short sale with offered securities purchased from an underwriter or broker or dealer participant in the offering, if such short sale occurred during the... period beginning five business days before the pricing of the offered securities and ending with the pricing."

## CLAIM FOR RELIEF

### (Short Selling in Connection With a Public Offering)

### [Violations of Rule 105 of Regulation M [17 C.F.R. § 242.105]]

19. Paragraphs 1 through 18 are re-alleged and incorporated by reference.

20. As described above, from February 2005 to November 2005, in connection with offerings of securities for cash pursuant to a registration statement filed under the Securities Act, Defendants covered short sales made during the restricted period with offered

securities purchased from underwriters or brokers or dealers participating in those public offerings. Each of these public offerings was conducted on a firm commitment basis.

21. By engaging in the foregoing conduct, Defendants violated Rule 105 of Regulation M [17 C.F.R. § 242.105].

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court enter judgment:

a. Ordering Defendants to pay civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

b. Granting such other and further relief as is just and proper.

Respectfully submitted,

_____
VALERIE A. SZCZEPANIK
Attorney for Plaintiff
Securities and Exchange Commission
3 World Financial Center – RM 400
New York, NY 10281-1022
Ph: (212) 336-0175
Fx: (212) 336-1317
szczepanikv@sec.gov

Dated: 5/8/08
New York, New York